# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

J.P. and B.P. , individually and behalf of S.P., a minor,

    Plaintiffs,

v.

ORANGE COUNTY SCHOOL BOARD,

    Defendant.
_____/

CASE NO.: 6:21-CV-01890-WWB-DCI

## **DEFENDANT'S MOTION TO DISMISS**

Defendant Orange County School Board, by and through undersigned counsel, moves to dismiss this action for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), and states as grounds:

    1.    On November 16, 2021, Plaintiffs served the School District with a suit seeking prevailing party attorneys' fees and costs pursuant to 20 U.S.C. §1415, arising from a state complaint proceeding before the Florida Department of Education Bureau of Exceptional Education and Student Services. 20 U.S.C. §1400 *et seq.*, the Individuals with Disabilities Education Act, and related federal regulations, provide for a free and appropriate public education for students with disabilities in the United States.

2. The School District moves this Court to dismiss the Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a cause of action.

**FACTS ALLEGED WITHIN FOUR CORNERS OF THE COMPLAINT**

3. On or about August 31, 2020, Plaintiffs filed a complaint with the Florida Department of Education Bureau of Exceptional Education and Student Services alleging Defendant's failure to properly educate S.P., a student with a disability. *See* Complaint, ¶¶4-5 and attached Exhibit "A."

4. After a review of the Complaint, the Florida Department of Education found the Defendant had violated the requirements of federal law with respect to the student, specifically, Defendant violated regulations implementing the Individuals with Disabilities Education Act. *See* Complaint, ¶8 and attached Exhibit "C," a Report of Inquiry generated by the Florida Department of Education Bureau of Exceptional Education and Student Services.

5. Plaintiffs seek recovery of legal fees incurred in pursuing this Complaint before the Florida Department of Education, specifically referring to the disposition contained at Exhibit "C" as a "final adjudication." *See* Complaint, ¶9.

6. Further, Plaintiffs vaguely plead entitlement to further attorney fees' recovery based on Defendant's alleged retaliatory filing of unspecified legal actions against Plaintiffs. *See* Complaint, ¶11.

**MEMORANDUM OF LAW**

## I. Dismissal Standard

When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus,* 551 U.S. 89, 93–94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1185 (11th Cir. 2003).

## II. Failure to State a Cause of Action

Plaintiffs seek reimbursement of attorneys' fees and costs incurred in prosecuting a complaint with the Florida Department of Education pursuant to the Individuals with Disabilities Education Act ("IDEA"), which permits parents to file complaints with state boards of education for failure to provide appropriate services to students with disabilities. *See* 34 C.F.R. §§300.151-300.153. The Florida Department of Education implemented its IDEA complaint procedures at Fla. Admin. Code R. 6A-6.03311(5). Notably, Florida's state board complaint procedures do *not* provide for prevailing party attorneys' fees, nor do the federal regulations directing states to craft their own complaint procedures. *See* 34 C.F.R.

3

§300.152 (dictating what each state's complaint procedures must entail); *see also* Fla. Admin. Code R. 6A-6.03311(5).

When both the federal and Florida regulations wish to provide for attorneys' fees recovery under the IDEA, the regulations explicitly provide for such recovery. Under 34 C.F.R. §300.508 and the companion state regulation at Fla. Admin. Code R. 6A-6.03311(9), aggrieved parents may utilize a legal mechanism called a due process hearing to challenge the provision of services to a child with a disability. The federal and state regulations explicitly provide prevailing parents the opportunity to seek recovery of attorneys' fees in due process proceedings and subsequent appeals, if so ordered by a court. *See* 34 C.F.R. §300.517 and Fla. Admin. Code R. 6A-6.03311(9)(x); *see also* 42 U.S.C. §1415(i)(3)(B)(i)(In the IDEA itself, Congress explicitly provided that attorneys' fees are available when a party prevails in a due process hearing). The Florida regulation states as follows: "In any due process hearing or subsequent judicial proceeding brought under this rule, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the prevailing party who is the parent of a student with a disability…" *See* R. 6A-6.03311(x)(1)(a).

There is no comparable provision for recovery of prevailing party attorneys' fees arising from prosecuting a complaint before a state board of education. Florida's Rule 6A-6.03311 makes this distinction by its express inclusion of prevailing party fees language with respect to due process hearings and its

exclusion of comparable language when discussing complaints parents file with the Florida Department of Education.

Simply put, there is no legal right to recover attorneys' fees when parents prevail on a complaint before the state board of education in Florida. Further, Plaintiffs have failed to identify in the Complaint any further proceedings in which Plaintiffs emerged as an entitled prevailing party that would form the basis for a fees award under the IDEA or any other federal law. To the extent Plaintiffs assert a claim for attorneys' fees based on unspecified legal actions, the allegations are so vague and ambiguous that Defendant is unable to prepare a response and moves for a more definite statement. *See* Fed.R.Civ.P. 12(e) ("A party may move for a definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response").

## CONCLUSION

Plaintiff's Complaint fails to state a claim for which relief may be granted under applicable law. Defendant respectfully requests this Court enter an Order dismissing Plaintiff's Complaint with prejudice. Alternatively, Defendant respectfully requests this Court enter an Order requiring Plaintiffs to file a more definite Complaint.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for Defendant, Susana Garcia, certifies that she conferred with counsel for Plaintiffs, Robert Cooke, via telephone on December 2, 2021. The parties did not agree on the resolution of the motion.

The foregoing is respectfully submitted this 7th day of December, 2021

> By: */s/ Amy Pitsch*
> AMY PITSCH
> Florida Bar No. 338280
> SUSANA CRISTINA GARCIA
> Florida Bar No. 92259
> GREENSPOON MARDER LLP
> 201 E. Pine Street, Suite 500
> Orlando, FL  32801
> (407) 425-6559
> Amy.Pitsch@gmlaw.com
> Juliana.Nieves-Hanlon@gmlaw.com
> Tina.Garcia@gmlaw.com
> Melissa.Spinner@gmlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have filed the foregoing with the Clerk of Court via CM/ECF this 7th day of December, 2021. I further certify that any party that entered an appearance in this matter will receive a copy of this document via CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notice of Electronic Filing.

*/s/ Amy Pitsch*
AMY. J. PITSCH, ESQ.
