**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**J. P., B. P. and S. P.,**

    **Plaintiffs,**

v.                                                           Case No: 6:21-cv-1890-WWB-DCI

**ORANGE COUNTY SCHOOL BOARD,**

    **Defendant.**

_____

### REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Motion to Dismiss (Doc. 7)** |
| **FILED:** | **December 7, 2021** |
| **THEREON** it is **Recommended** that the motion be **GRANTED in part**. | |

On December 7, 2021, Defendant filed a Motion to Dismiss Plaintiffs' Complaint. Doc. 7 (the Motion). Plaintiffs have not responded to the Motion within the deadline. *See* Middle District of Florida Local Rule 3.01(c) ("[A] party may respond to a motion to dismiss . . . within twenty one days after service of the motion."). Accordingly, the Motion is deemed unopposed.[1] *See id.*

As an initial matter, by failing to respond to the Motion Plaintiffs have evinced a failure to prosecute their case, which may result in dismissal of this action. *See* Local Rule 3.10 ("A

---

[1] Though Plaintiff sought leave for an extension of time to respond to the Motion, that request was denied both substantively and because Plaintiff failed to confer in violation of Local Rule 3.01(g).

plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay.").

Nevertheless, the undersigned suggests that a less drastic remedy is appropriate at this juncture. In the Motion, Defendant seeks dismissal with prejudice or, in the alternative, an order requiring that Plaintiffs file an amended pleading or a more definite statement. While the undersigned deems the totality of the Motion as unopposed, it appears that the alternatively sought relief is the appropriate relief now. So, taking as unopposed Defendant's assertion that the Complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6), the undersigned finds that the Complaint should be dismissed and that Plaintiffs should be directed to file an amended complaint, lest the case be dismissed. Further, looking at the Complaint, Plaintiffs' factual allegations that they seek recovery of attorney fees for unspecified retaliatory conduct by Defendant are too vague and ambiguous to state a claim for relief; nor is the legal basis[2] for the claim clear. *See* Doc. 1 ¶ 11. Thus, as the claim for attorney fees is the entirety of this action—or so it appears from the Complaint—the Complaint fails to state a claim upon which relief can be granted.

Accordingly, it is respectfully **Recommended** that the Motion to Dismiss (**Doc. 7**) be **GRANTED in part** to the extent that the Complaint (Doc. 1) be **DISMISSED without prejudice** and Plaintiffs be directed to file an amended complaint by a specified date, with a warning that if Plaintiffs fail to file an amended complaint within the time provided the case will be dismissed without further warning.

---

[2] Indeed, the only legal basis for relief Plaintiffs cite in the Complaint is 20 U.S.C. § 1415; but Plaintiffs cite no particular section or subsection of this lengthy statute nor do they connect the factual allegations in the Complaint to any particular portion of the statute or to any other legal authority. And if Plaintiffs are asserting multiple bases for relief in a single count, the Complaint might also be due to be dismissed as a shotgun pleading.

**NOTICE TO PARTIES**

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on December 30, 2021.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy